

**OFFICE OF INSTITUTIONAL EQUITY AND COMPLIANCE**

# EXHIBIT 21

## INTENT TO APPEAL NOTICE

**NOTE TO APPELLANT:** The notice of appeal must be filed no later than five calendar days after the date the written decision is sent. If an appeal is submitted by either party, the underlying decision and any corresponding sanction will be held in abeyance until final notice of the appeal outcome. During this time, any interim measures in place will remain in effect (e.g., no contact order, no trespass). If no written request for an appeal is received by the University, the sanction(s) and/or any actions imposed will be final and in effect.

The form must be completed and returned to the University along with a written brief stating the grounds for the appeal. Again, failure to appeal within the allotted time, specifically **five (5) business days** of the date of the OIE notice of finding, will render the original decision final and conclusive.

*(Please Print or Type)*

Name: Asad Azemi

Student/Employee I.D. Number: 001342798

Date of Appeal Submission: 8/8/2025

**Check one or both of the following:**

*I wish to appeal the findings* [✓]
*I wish to appeal the sanction(s)* [ ]

**The grounds for appeal are [Check all that apply]:**

[ ] A flaw or denial of due process rights:

[✓] New evidence or insufficient consideration of all aspects of the situation:

[ ] Evident bias in the investigation:

Signature: Asad Azemi

Date: 8/8/2025

Phone No.: 410621-2961

**Please Attach Written Brief to Support Your Appeal to this Form**

University of Maryland Eastern Shore • Early Childhood Research Bldg Suite 1129 • Princess Anne, Maryland 21853 Tel: (410) 651-6135 • Fax: (410) 651-6545

8/7/2025

Mr. Jason Casares
Assistant Vice President for Institutional Equity, Diversity, and Compliance
Title IX Coordinator, Fair Practices Officer,
Equal Employment Opportunity Officer & ADA Coordinator

**Re: Appeal of OIE's decision not to pursue my counter-complaint as a stand-alone matter**

Dear Mr. Casares,

Thank you for notifying me that Ms. Cui Fang's allegations were not substantiated. I respectfully appeal the separate determination that my counter-complaint "would not be pursued separately as a stand-alone complaint … [but] has been reviewed and referenced, as appropriate." I request that OIE open (or formally refer to) a **stand-alone** review of Ms. Fang's bullying/retaliation and misuse of the complaint process.

## Why consolidation is insufficient

**1) Accountability and deterrence.**
Folding my counter-complaint into Ms. Fang's case leaves unaddressed the distinct conduct I reported: bullying, retaliation, and abuse of process designed to coerce reversal of legitimate supervisory decisions. When false or bad-faith allegations are handled only as background to another complaint—and never evaluated on their own merits—it sets a precedent that such tactics carry no consequences. This could encourage others to use false accusations as leverage, undermining the integrity of internal processes and discouraging effective instructional oversight.

**2) Separate and ongoing reputational harm from public escalation**
Ms. Fang bypassed the established internal grievance path and sent her accusations directly to the USM Board of Regents. This escalation caused independent reputational damage and was clearly intended to pressure the University and intimidate the department. That act stands apart from her OIE complaint and warrants a distinct finding and response.

**3) Evidence of retaliatory motive tied to work arrangement demands**
At our March 21, 2025 meeting, witnessed by the Director of HR, Ms. Fang was given three fully compliant options for continuing her appointment, including a full-time role with the same title and salary focused on retention and online-course development. Her first concern was whether she would have to come to campus daily and whether her title would remain. The complaint followed days later and included a rapid shift in legal claims and a public escalation—indicators of a retaliatory motive aimed at reversing a lawful and necessary personnel decision.

**4) Stress and harm to the victim caused by false allegations**
The process of defending myself against knowingly false accusations—escalated publicly by Ms. Fang—was unnecessarily stressful, professionally damaging, and reputationally harmful. If no action is taken in response to that harm, then the effect is to **punish the victim,** not the

wrongdoer. That outcome is inconsistent with the intent of OIE's policies and sends the wrong message to others who may be targeted by similar bad-faith claims. It creates a chilling effect for those tasked with enforcing instructional quality and protecting student outcomes.

## Requested action on appeal

I respectfully request that OIE:

1. **Open a stand-alone investigation (or formal referral)** into Ms. Fang's conduct under anti-bullying, retaliation, and related misconduct provisions (including abuse of process), rather than treating my counter-complaint as merely "referenced" in her matter.
2. **Make a specific finding** on whether her filings—and her direct outreach to the Regents—constituted bullying, intimidation, or retaliation intended to pressure the department into reversing a legitimate supervisory decision.
3. **Issue appropriate remedial steps**, which may include:
    - A clarification to those she contacted (including Regents) that her claims were not substantiated
    - Standards training or other corrective measures
    - Any other step OIE deems necessary to deter future misuse of complaint procedures

I appreciate OIE's dismissal of the original allegations. However, a separate review of my counter-complaint is essential to ensure that misuse of institutional processes is not left unaddressed and that those subjected to false and retaliatory claims are not left without remedy.

Please let me know if any further documentation is required.

Respectfully,

Asad Azemi, Ph.D.
Professor & Chair, Computer Science and Engineering Technology